IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00693-MSK-MJW

TURNER MEDIA GROUP, INC.,
GARY TURNER, and
STACI TURNER,

    Plaintiffs,

v.

LAWRENCE J. RUBIN, and
PURSUIT CHANNEL, LLC,

    Defendants.

## ORDER REMANDING CASE

THIS MATTER comes before the Court *sua sponte*.

The Plaintiffs commenced this action in the Denver District Court. They assert claims of breach of contract, breach of the duty of loyalty, breach of fiduciary and ethical duties, deceptive trade practices, and violation of the Uniform Trade Secrets Act. In the Notice of Removal, Defendant Rubin asserts that this Court can exercise jurisdiction based upon diversity pursuant to 28 U.S.C.§ 1332.

In their Complaint, the Plaintiffs did not request any particular monetary relief. Defendant Rubin contends that the requisite amount in controversy is established solely by the Plaintiffs' election in the mandatory Colorado Civil Cover Sheet stating: "This party is seeking a monetary judgment for more than $100,000 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs[.]"

In accordance with the analysis set forth in *Baker v. Sears Holding Corp.*, 2007 WL 2908434 (D.Colo. 2007) (slip op.) (copy attached hereto), there has been an insufficient showing of the requisite amount in controversy to establish diversity jurisdiction. There also is no showing that the Defendant LLC is a diverse party. *See Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990); *see also GMAC Commercial Credit, LLC v. Dillard Dept. Stores, Inc.,* 357 F.3d 827, 828-29 (8th Cir. 2004). Accordingly, the action must be remanded to the State Court. *See* 28 U.S.C. § 1447(c).

**IT IS THEREFORE ORDERED** that this action is **REMANDED** to the Denver District Court.

Dated this 8th day of April, 2008

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge